IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR 08-0263-PHX-SMM |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Rigoberto Aramburo-Lizarraga, et al., ) | |
| Defendants. ) | |

TO THE HONORABLE STEPHEN M. MCNAMEE, UNITED STATES DISTRICT JUDGE:

    This matter comes before this Court on Defendants' Motion to Stay Release of Material Witnesses (Doc. #54)[1]. The Government has filed a Response (Doc. #70), and the attorney for the material witnesses has filed a Motion For Release of Material Witnesses (Doc. # 72). Oral argument took place before this Court on April 23, 2008. Defendants supplemented their aforementioned written Motion with the avowal that during the course of the depositions it was learned that one of the material witnesses had conversations with a person by the name of "Ignacio" during the course of the commission of the offense, and that, although the material witness was questioned extensively about his relationship and

---

[1] The material witnesses are Mauricio Magana-Garcia, Antonio Martinez-Guzman, Eleodoro Cruz-Lomeli, and Luis Enrique Morgan-Alba.

1 contacts with "Ignacio," the government is in possession of, and has not produced a
2 document with Ignacio's phone number on it. Defendants argue that the material witnesses
3 should not be released because Defendants can not effectively cross-examine them without
4 first having the opportunity to obtain this phone number and investigate Ignacio. Also,
5 Defendants argue that the government has not produced the "A-files[2]" of the material
6 witnesses, and that Defendants should be able to examine them concerning the contents of
7 these "A-files." Finally, they argue that one of the material witnesses denied having
8 previously been deported, and if the Government had produced the witness's "A-file" prior
9 to the depositions, the material witness could be cross-examined concerning any
10 inconsistencies in his recollection of prior deportations.

11 The continued detention of material witnesses, after depositions have been completed,
12 pursuant to 18 U.S.C. §3144, may occur only if a "failure of justice" would ensue upon their
13 release. See, Torres-Ruiz v. U.S. District Court for the S.D. of Cal., 120 F.3d 933, 933 (9th
14 Cir. 1997); U.S. v. Santos-Pinos, 146 F.3d 734 (9th Cir. 1998). Defendants have only offered
15 speculation as to what evidence that the government possesses, or that exists in the case, that
16 they do not have, and that is necessary to complete cross-examination of the material
17 witnesses.

18 **IT IS THEREFORE RECOMMENDED:**

19 That the Motion to Stay Release of Material Witnesses (Doc. #54) be **DENIED** and
20 the Motion For Release of Material Witnesses (Doc. # 72), filed by the attorney for the
21 Material Witnesses be **GRANTED**;

22 **IT IS FURTHER RECOMMENDED:**

23 That the release of the material witnesses be stayed for a period of ten (10) days, or
24 until further Order of this Court.

---

27 [2]Database of individuals maintained by immigration officials relating to alienage,
conviction records and deportations: records utilized by the government in criminal cases to
28 establish alienage.

1       This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1). Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

      DATED this 23rd day of April, 2008.

*[signature]*

Michelle H. Burns
United States Magistrate Judge